1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HOWARD YOUNG,                              1:09-cv-02071-GSA (HC)

12              Petitioner,
                                                ORDER TRANSFERRING CASE TO THE
13   vs.                                        UNITED STATES DISTRICT COURT FOR
                                                THE SOUTHERN DISTRICT OF
14   WARDEN LARRY SMALLS,                       CALIFORNIA

15              Respondent.

16   _____/

17         Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

18   U.S.C. § 2254, in which he challenges a prison disciplinary action.

19         Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma

20   pauperis.

21         The federal venue statute requires that a civil action, other than one based on diversity

22   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

23   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

24   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

25   is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

26   which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

27         In a habeas matter, venue is proper in either the district of conviction or the district of

28   confinement.  28 U.S.C. § 2241(d).  In this case, petitioner challenges the result of a prison

-1-

1  disciplinary proceeding and Petitioner is incarcerated at Calipatria State Prison located in the

2  Southern District of California.  Whereas here the petitioner attacks the execution of his sentence, as

3  opposed to an attack on the conviction itself, the proper forum in which to review such a claim is the

4  district of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28

5  U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district

6  where the prisoner is confined.").  Petitioner is confined in Calipatria State Prison located in the

7  Southern District of California.  Therefore, the petition should have been filed in the United States

8  District Court for the Southern District of California.  In the interest of justice, a federal court may

9  transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v.

10  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

11        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

12  District Court for the Southern District of California.

13        IT IS SO ORDERED.

14  Dated:    December 1, 2009            /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-